IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LORRAINE GERSTEIN : :
v. : CIVIL NO. CCB-10-2052
:
CITY OF BALTIMORE PUBLIC SCHOOL :
SYSTEM :

...o0o...

# **MEMORANDUM**

Now pending is the motion to dismiss filed by defendant Baltimore City Board of School Commissioners ("the Board") in this employment discrimination case brought by plaintiff Lorraine Gerstein, representing herself. *See Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009); Fed. R. Civ. P. 12(b)(6). Ms. Gerstein has been allowed a full opportunity to respond. For the reasons that follow, the motion will be granted.

First, Ms. Gerstein's complaint is untimely. It was filed more than 90 days after constructive receipt of the EEOC's notice of right to sue, and no basis for equitable tolling has been shown. *See Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir. 1993); *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796-97 (E.D. Va. 2007) ("When the date that a potential plaintiff received actual notice of right to sue is disputed or unknown, Fed. R. Civ. P. 6(e) [now 6(d)] creates the presumption that notice was received three days after it was mailed.")

Second, the fact that a co-employee sang religious songs outside her office does not state a claim for religious discrimination or harassment as to Ms. Gerstein. *See Chalmers v. Tulon Co.*, 101 F.3d 1012, 1017-19 (4th Cir. 1996).

Third, even assuming the truth of Ms. Gerstein's allegation that an African-American secretary was allowed to sign in late, this does not state a claim, as Ms. Gerstein has not shown that the secretary is an appropriate comparator. *See Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008) ("The similarity between comparators . . . must be clearly established in order to be meaningful.") Ms. Gerstein is a guidance counselor with different job duties and responsibilities.[1]

Fourth, Ms. Gerstein has not set forth facts showing severe and pervasive harassment based on any protected status or activity. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Fifth, Ms. Gerstein does not state a claim for retaliation because her protected activity, filing complaints with the Maryland Commission on Human Relations, occurred after her supervisor allegedly recommended that her contract not be renewed, nor has she shown that the decision not to rehire was made by a person who was aware of her complaint. *See EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) ("In order to establish a prima facie case of retaliation, a plaintiff must prove three elements: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was *a causal link between the two events*.") (emphasis added).[2]

Sixth, assuming that Ms. Gerstein's ulcerative colitis qualified as a disability, she was granted the accommodation she requested, a delayed arrival time; she has not shown any entitlement to a further extension of the agreed upon time.

In summary, Ms. Gerstein's complaint suggests an unfortunate personality conflict with the principal at her assigned school, and disputes based on time and attendance issues rather than

---

[1] Her identification of another alleged comparator in her response to the motion to dismiss is not sufficient to support her complaint.
[2] The MCHR found no probable cause on any claim. See ECF No. 12, Ex. C.

race, religion, or disability. Even if her complaint had been timely filed, it would not state a claim for discrimination under the federal statutes. Accordingly, it must be dismissed. A separate Order follows.


February 10, 2011  /s/
      Date Catherine C. Blake
 United States District Judge